Reola JOHNSON v. STATE of Arkansas

CR 79-106                                    587 S.W. 2d 3

Opinion delivered September 24, 1979
(Division I)

*John W. Achor,* Public Defender, by: *Jeff Rosenzweig,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Dennis R. Molock,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. At a bench trial the appellant was found guilty of two offenses and was sentenced to 20 years' imprisonment for robbery and 10 years for theft of property, the sentences to be concurrent with each other but consecutive to any other sentences being served at the time of the judgment. The only argument for reversal is that the trial judge erred in not finding that the defendant had acted under duress — an affirmative defense under the Criminal Code. Ark. Stat. Ann. § 41-208 (Repl. 1977).

The conflicting testimony presented an issue of credibility for the trial judge. The liquor store clerk who was robbed testified that a man (Ernest Lee Jackson) came into the store, inquired about the price of liquor, and then tied one of the clerk's hands and compelled her to open the cash register. At that point this appellant walked in the store and said, "Um, um, um, what is this?" The clerk twice asked the defendant to step outside and get help, but the defendant refused and started taking the money out of the cash register. Jackson and the defendant took $229 and left the store. There is nothing in the clerk's testimony to indicate that the defendant acted under duress.

The defendant testified that she knew Jackson and was afraid of him, because he used to beat women and force them to do things. Nevertheless, she had offered Jackson a ride in her car only moments before the robbery. She said that she went in the store to buy a sixpack of beer. The robbery was in progress. She got the money and went out with it, because Jackson ordered her to. She was afraid he was armed, as he kept one hand at his side. She admitted she was on parole at the time and had four previous felony convictions, three of which were for robbery. Whether the defendant's testimony overcame the State's prima facie case was a question of credibility for the trial judge, whose decision ends our inquiry.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.